[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF DEFENDANTS JEWETT CITY SPORTS CENTER, INC. AND MESSIER TO CITE IN THE UNITED STATES OF AMERICA AS DEFENDANT
The plaintiffs have brought suit in negligence and other torts for injuries and losses as a result of a gunshot inflicted by the defendant administrator's decedent and against the movants for negligence and recklessness in selling the decedent the firearm used. The movants, citing Connecticut General Statutes Section 52-102, have moved to cite in as a defendant the United States of America claiming that it is a necessary party under Connecticut General Statutes Section 52-572h (Tort Reform II), claiming that without the United States, a complete determination of the issues of liability and apportionment cannot be made.
The plaintiffs object to the motion claiming that any claim they may have against the United States of America must be brought under 28 U.S.C.A. 2671 et seq., the Federal Tort Claims Act (FTCA), and that the U.S. District Court has exclusive jurisdiction of such a tort claim under Section 28 U.S.C.A 1346(b).
This Court agrees with the plaintiffs. Connecticut General Statutes Section 52-102, enacted as Section 10 ofP.A. 87-227 (part of Tort Reform II), cited by the defendants provides in pertinent part, "Upon motion made by any party . . . to a civil action, the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy." (emphasis provided).
The United States has sovereign immunity, and the FTCA constitutes a waiver of such immunity, provided such claims are brought in the District Court. CT Page 799
As the claim asserted here against the United States must, if at all, be brought under the FTCA, the United States District Court has exclusive jurisdiction of such a claim under 28 U.S.C.A. 1346(b).
Therefore, the United States is immune from suit on a tort claim in the state courts, and the superior court has no subject matter jurisdiction. The Court accordingly denies the defendant's motion to cite in the United States as party defendant.
TELLER, J.